UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61759-CIV-DIMITROULEAS

SOUTH FLORIDA WELLNESS, INC.,
a/a/o Florencio Sanchez, on behalf of itself
and all others similarly situated,

    Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

**OMNIBUS ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

THIS CAUSE is before the Court on Defendant's Motion for Summary Judgment [DE 44], filed herein on December 12, 2015, and Plaintiff South Florida Wellness, Inc.'s Motion for Partial Summary Judgment and Memorandum of Law in Support [DE 48], filed herein on December 12, 2015 (collectively, the "Motions"). The Court has carefully reviewed the Motions [DE 44, 48], the parties' briefs, and the record. The Court is otherwise fully advised in the premises.

## I.    BACKGROUND

Plaintiff South Florida Wellness, Inc. a/a/o Florencio Sanchez ("SFW") brings this action on behalf of itself and all others similarly situated under Rule 1.220 of the Florida Rules of Civil Procedure and Florida Statutes Chapter 86 against Defendant Allstate Insurance Company ("Allstate").

### i.    Florida No-Fault Statute

Florida has adopted a "no-fault" statutory system for automobile insurance. The relevant

1

statute has been subject to several versions and amendments. *See Geico Gen. Ins. Co. v. Virtual Imaging Services, Inc.*, 141 So.3d 147, 153 (Fla. 2013). The scheme requires that Florida automobile owners obtain "personal injury protection" (hereinafter "PIP") in the amount of at least $10,000, which covers some of the insured's medical expenses and lost wages in the event of an automobile accident. § 627.736 Fla. Stat. (2008). Before 2008, the PIP statute generally required that PIP insurers cover 80% of the reasonable expenses for medically necessary treatments, services, and devices. [DE 49 ¶ 1].

On January 1, 2008, a new version of the statute took effect, encompassing changes to § 627.736, concerning calculation and reimbursement of PIP claims. [DE 49 ¶ 6]. Subsection (5)(a)(1) of the statute provides that medical providers may not charge more than "a reasonable amount . . . for the services and supplies rendered" and that "in no event, however, may such a charge be in excess of the amount the person or institution customarily charges for like services or supplies. With respect to a determination of whether a charge . . . is reasonable, consideration may be given to evidence of the usual and customary charges and payments accepted by the provider involved in the dispute, and reimbursement levels in the community and various federal and state medical fee schedules applicable to automobile and other insurance coverages, and other information relevant to the reasonableness of the reimbursement for the service, treatment, or supply." § 627.736, Fla. Stat. (2008) ("Subsection 5(a)(1)"). The 2008 statute added a provision which provided that PIP insurers "may limit reimbursement" to 80% of a schedule of maximum charges set forth in the statute. § 627.736(5)(a)(2), Fla. Stat. (2008) ("Subsection 5(a)(2)"). The Florida Supreme Court has ruled that, with respect to PIP

policies issued after January 1, 2008, insurance companies must provide notice in their policies of an election to use the fee schedules should the insurers choose to use the fee schedules as a basis for calculating reimbursements as provided by Subsection 5(a)(2). *Geico Gen. Ins. Co. v. Virtual Imaging Services, Inc.*, 141 So.3d 147, 150 (Fla. 2013).

### ii.     The Allstate Insurance Policy

In 2008, Allstate amended its policy forms to state that:

> Any amounts payable under this coverage shall be subject to any and all limitations, authorized by section 627.736, or any other provisions of the Florida Motor Vehicle No-Fault Law, as enacted, amended or otherwise continued in the law, including, but not limited to, all fee schedules.

[DE 47 ¶ 1].

SFW seeks declaratory judgment that, in part, the Policy fails to clearly and unambiguously limit reimbursement with the provisions of Subsection 5(a)(2) and incorporate the provisions of Subsection 5(a)(2). [DE 1-3 at 15].

The parties have filed cross-motions for summary judgment [DE 44, 48], which are fully briefed and ripe for judicial review. The Court conducted a hearing on the Motions on February 3, 2015. *See* [DE 58]. SFW seeks partial summary judgment as to Count I for Declaratory Relief, reserving the issue of damages. Allstate seeks summary judgment in its favor and dismissal of the action with prejudice. The overarching question posed by the Motions is:   did Allstate provide the requisite notice that it would use the fee schedule payment limitations authorized by Subsection 5(a)(2)?

## II.     STANDARD OF REVIEW

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). The movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted). Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 26 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party." *Id.* at 26-27 (citing *Anderson*, 477 U.S. at 252). Accordingly, if the moving party shows "that, on its all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

### III.   DISCUSSION

While the issue before the Court has not yet been squarely addressed by the Florida Supreme Court, it has been fiercely litigated in Florida lower courts and some federal courts

interpreting Florida law. Both parties have buttressed their positions with an array of other courts' decisions on this precise question, which the Court has carefully considered.

### i.     *Virtual* merely requires notice.

Both parties root their arguments in *Virtual*, the most relevant Florida Supreme Court case. *Geico Gen. Ins. Co. v. Virtual Imaging Services, Inc.*, 141 So.3d 147 (Fla. 2013). In that case, the Florida Supreme Court was presented with the certified question:   "With respect to PIP policies issued after January 1, 2008, may the insurer compute provider reimbursements based on the fee schedules identified in Section 627.736(5)(a), Florida Statutes, even if the policy does not contain a provision specifically electing those schedules rather than 'reasonable medical expenses' coverage based on Section 627.736(1)(a)?" *Id.* at 150 n.2. The court rephrased the question to: "With respect to PIP policies issued after January 1, 2008, may an insurer limit reimbursements based on the Medicare fee schedules identified in Section 627.736(5)(a), Florida Statutes, without providing notice in its policy of an election to use the Medicare Fee Schedules as the basis for calculating reimbursements?" *Id.* at 150. The court ultimately answered that question in the negative. *Id*.

In *Virtual*, the Defendant insurance company, Geico General Insurance Company ("Geico"), limited reimbursements in accordance with the fee schedule implicated in Subsection 5(a)(2), though "the policy did not reference the permissive fee schedule method of calculating reasonable medical expenses." *Id.* at 151, 158. The *Virtual* court analyzed the 2008 PIP statute in depth. From the outset, the court stressed that the key issue in PIP disputes is determining what expenses are reasonable under the statute. *Id.* at 155. The court clarified that the factors enumerated in Subsection 5(a)(1) provide the basis for a fact-based inquiry into what constitutes a

5

reasonable expense, while Subsection 5(a)(2) "provides an alternative mechanism for determining reasonableness: by reference to the Medicare fee schedules." *Id.* at 155-56. In order to utilize the fee schedules, an insurer must "clearly and unambiguously" choose to do so, thereby providing notice to the insured and medical providers. *Id.* at 158. The Geico policy in *Virtual* "did not reference the permissive Medicare fee schedule method," so Geico could not use the fee schedules to limit reimbursement. *Id*.

While the *Virtual* court made clear that notice is required, the court did not provide specific instructions as to how that notice should read in order to be sufficient. Allstate argues that in changing the certified question in *Virtual*, the Florida Supreme Court indicated that only simple notice, rather than detailed and specific language electing the fee schedules is necessary. This Court notes that the *Virtual* opinion says nothing that would impose upon insurers anything more than mere election to use fee schedules. *Virtual* simply requires that PIP insurance policies that fall under the 2008 statutory scheme provide notice if they wish to use the fee schedules. Allstate's policy, in stating that "[a]ny amounts payable under this coverage shall be subject to any and all limitations, authorized by section 627.736, or any other provisions of the Florida Motor Vehicle No-Fault Law, as enacted, amended or otherwise continued in the law, including, but not limited to, all fee schedules," does just that.

      **ii.**      **The Allstate Policy language at issue is not ambiguous.**

Plaintiffs move through each word or phrase in the relevant policy language arguing that each provides a basis for the Court to find that the provision is ambiguous. First, SFW asserts that the "subject to" language indicates that "something might be the case, not that something is necessarily the case." [DE 48 at 9]. However, the Court is not persuaded by Plaintiffs' effort, and

6

instead finds that the provision makes clear that the Subsection 5(a)(2) method of limiting reimbursements *will* be used. In stating that the amounts payable "*shall* be subject to any and all limitations . . . including . . . all fee schedules," Allstate leaves no wiggle room as to whether fee limitations may be utilized – both providers and insured are on notice that "all fee schedules" "shall" be applied. (emphasis added). SFW further argues that the "any and all limitations" language is ambiguous, suggesting that the Subsection 5(a)(1) fact-dependent method for calculating reasonable expenses is tantamount to a "limitation." Subsection 5(a)(1) directs *providers*, not insurers, to charge reasonable rates. Therefore it is not an applicable "limitation" such that Allstate, under its policy, would be permitted to choose between the fact-dependent and fee schedule methods for determining coverage. Finally, SFW reasons that the "including, but not limited to" language creates ambiguity because it suggests that the fee schedules referenced in Subsection 5(a)(2) represent just one of multiple possible applicable limitations. However, when read in conjunction with the actual applicable statute, it is clear that the only relevant limitation with respect to determining reasonable PIP coverage for medical expenses are the fee schedules at issue. Overall, the Court finds that the relevant language unambiguously provides notice of Allstate's election to use the Subsection 5(a)(2) fee schedule method.

    **iii.    The *Virtual* opinion suggests, in dicta, that similar language would be sufficient notice.**

Allstate asserts that the *Virtual* court, in dicta, did provide some indirect guidance as to what would constitute sufficient notice. In explaining the limitations of its holding, the *Virtual* court noted that the Geico policy "ha[d] since been amended to include an election of the Medicare fee schedules as the method of calculating reimbursements." *Virtual*, 141 So.3d at 150. The amended Geico policy language referred to by the *Virtual* court stated in relevant part that "[t]he

7

Company will pay in accordance with the Florida Motor Vehicle No Fault Law (as enacted, amended, or newly enacted), and where applicable in accordance with all fee schedules contained in the Florida Motor Vehicle No Fault Law." [DE 47-1]. As multiple lower Florida courts have observed, if the amended Geico policy language provided sufficient notice, the Allstate language at issue likely would as well. *See, e.g., Allstate Fire and Cas. Ins. Co. v. Hallandale Open MRO, LLC (Politesse)*, Case No. 13-186 (Fla. 11th Cir. Ct. (App. Div.)), Miami-Dade Cty., June 23, 2014; *Allstate Prop. And Cas. Ins. Co v. Royal Diagnostic Center, Inc. (Mondy)*, Case No. 13-073 (Fla. 11th Cir. Ct.) Miami-Dade Cty., Apr. 3, 2014; *David Wall, M.D. (Khvorostov) v. Allstate Fire and Cas. Ins. Co.*, Case No. 130002557SC (County Ct., Pinellas Cty.), Nov. 19, 2013. This Court does not find this particular line of reasoning to be dispositive, as it is by no means clear that the *Virtual* court meant to ratify the amended Geico language. However, this Court does find that it lends additional support to Allstate's position.

    iv.    **Varying court interpretations of the Allstate Policy do not render it ambiguous.**

SFW opines that, by virtue of the fact that multiple courts have ruled both ways on this issue, there are multiple interpretations of the policy language, rendering it ambiguous. That argument is unavailing. This Court, after thorough review, finds that the policy language provides clear and unambiguous notice. Because the Court does not find that the language is ambiguous, it need not address the parties' arguments as to the proper way for the Court to construe ambiguity in an insurance contract such as the Allstate policy.

## CONCLUSION

For the foregoing reasons, the Court finds that Allstate's policy forms provide the requisite notice such that Allstate could limit its reimbursements according Subsection 5(a)(2).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff South Florida Wellness, Inc.'s Motion for Partial Summary Judgment and Memorandum of Law in Support [DE 48] is hereby **DENIED**;

2. Defendant's Motion for Summary Judgment [DE 44] is hereby **GRANTED**; and

3. This action is hereby **DISMISSED with prejudice**; and

4. The Clerk is directed to **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of February 2015.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of Record