UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61759-CIV-DIMITROULEAS

SOUTH FLORIDA WELLNESS, INC.,
a/a/o Florencio Sanchez, on behalf of itself
and all others similarly situated,

      Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,

      Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court on Plaintiff South Florida Wellness, Inc.'s Motion for Reconsideration/Rehearing [DE 60] (the "Motion"). The Court has carefully considered the Motion [DE 60] and is otherwise fully advised in the premises.

In the instant Motion, Plaintiff requests that the Court reconsider its Order [DE 59] denying its Motion for Summary Judgment and granting the Defendant's Motion for Summary Judgment. "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. School Board of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). For a court to reconsider its prior judgment the moving party must present facts or law of a "strongly convincing nature" that would induce a court to reverse its prior decision. *Id.* (citing *Sussman v. Salem Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla 1994)). Three major grounds justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new

1

evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King*, 181 F. Supp. 2d at 1369. "A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

In the instant Motion, Plaintiff contends that the Court misapprehended one of its arguments. Plaintiff has failed to allege an adequate basis for the extraordinary remedy of reconsideration. Moreover, Plaintiff's Motion seeks to relitigate matters, namely, whether the policy language is ambiguous, which the Court has already considered and ruled upon.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [DE 60] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of March 2015.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

All Counsel of Record

2